IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

GARY T. JACKSON,

        Petitioner

VS.

ALEXIS CHASE, Warden,

        Respondent

NO. 5:07-CV-339(CAR)

PROCEEDING UNDER 28 U.S.C. §2254
BEFORE THE U.S. MAGISTRATE JUDGE

# RECOMMENDATION

Petitioner GARY T. JACKSON has filed a petition herein seeking federal habeas corpus relief. Tab #1. Respondent ALEXIS CHASE has filed a motion seeking to dismiss this petition, contending that it was untimely filed under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Tab #12. Petitioner JACKSON has been directed to, and did, file a response to the respondent's motion. Tab #15.

## LEGAL STANDARD

The provisions of the AEDPA, 28 U.S.C. §2244(d) provide as follows:

*(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of–*

    *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*

    *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*

    *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or*

    *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

DISCUSSION

Following a Fulton County jury trial, petitioner GARY T. JACKSON was convicted on February 16, 1982, of four counts of armed robbery and one count of aggravated sodomy. Resp. Exh. 2, Final Disposition. He was sentenced to a total of forty years' incarceration. He appealed his convictions and sentences, and they were affirmed on March 10, 1983. *Jackson v. State*, 165 Ga. App. 737, 302 S.E.2d 61 (1983). On November 13, 1997, petitioner filed a *state* habeas corpus petition in Calhoun County. *Jackson v. Waters*, No. 97-V-149 (Calhoun Sup. Ct. Aug. 23, 2000). This petition was denied on August 23, 2000. Petitioner filed for a certificate of probable cause to appeal the denial with the Georgia Supreme Court which was denied on September 19, 2001. *Jackson v. Waters*, No. S00H2050 (Ga. Sep. 19, 2000). A subsequent motion for reconsideration was denied on October 22, 2001.

On July 31, 2002, petitioner Jackson filed a *federal* habeas petition in the United States District Court, Northern District of Georgia. *Jackson v. Waters*, No. 1:02-CV-2164-CAP (N.D. Ga. dismissed Mar. 13, 2003). This petition was dismissed as untimely on March 13, 2003. On June 3, 2003, the Eleventh Circuit Court of Appeals declined to grant a certificate of appealability to petitioner on this case. *Jackson v. Waters*, No. 03-11666-A (11th Cir. Jun. 3, 2003).

On March 4, 2004, petitioner filed a second *state* habeas petition in Baldwin County. *Jackson v. Meadows*, No. 04CV38688 (Baldwin Sup. Ct. Sept. 8, 2004). On September 8, 2004, the state habeas court dismissed the petition as successive. Petitioner then applied for a certificate of probable cause to appeal with the Georgia Supreme Court which was subsequently denied on June 30, 2005.

On June 21, 2005, petitioner filed a third *state* habeas petition in Baldwin County, raising, for the first time, an *ex post facto* claim. Tab #13, Exh.1. Petitioner's contended (as he contends herein) that his punishment has been increased through the retroactive application of certain provisions of the habitual offender statute. This, according to the petitioner, is inappropriate as he was not originally sentenced as an habitual offender. On June 16, 2006, following an evidentiary hearing, the state habeas court denied relief. Tab #13, Ex. 3. Petitioner Jackson then applied to the Georgia Supreme Court for a certificate of probable cause to appeal the denial of habeas corpus relief; however, his application was once again denied on November 20, 2006. Tab #13, Exh. 4. His motion for reconsideration was subsequently denied on December 15, 2006. Petitioner next filed the instant *federal* petition on September 4, 2007. Respondent has filed an answer, as well as a motion, seeking to have the claim dismissed on the basis that it was untimely filed. This motion seeking dismissal is presently before the court.

In his reply to the respondent's Motion to Dismiss, petitioner Jackson avers that his petition *was* timely filed. This, according to the petitioner, is because he "was litigating the illegal sentence when the [ex post facto] issue became a fact February 16, 2002 and [he] could not [,]under Federal rule[,] file into this court until he exhaust[ed] all state remedies . . . ." Petitioner further contends that, as a result of the aforementioned litigation in various *state* and federal habeas corpus actions, his (February 16, 1982) convictions did not become final until June 30, 2005. This conclusion is obviously incorrect. Moreover, even if the undersigned accepts that February 16, 2002, was the first date upon which petitioner could raise the *ex post facto* issue, petitioner Jackson admits that he allowed more than one year to elapse before filing the instant federal petition. This admission, coupled with the fact that the aforementioned litigation did not toll the period of limitations, leads the undersigned to conclude that petitioner's claim was untimely filed under the AEDPA.

For the foregoing reasons, IT IS RECOMMENDED that respondent's Motion to Dismiss (Tab #12) be GRANTED. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served with a copy thereof. The Clerk is directed to serve the petitioner at the **LAST ADDRESS** provided by him.

SO RECOMMENDED, this 29th day of AUGUST, 2008

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE